IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0368-WS-M |
| | ) |
| **MARENGO COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motions of defendants Marengo County Sheriff's Department ("Marengo"), City of Linden Police Department ("Linden"), and City of Demopolis Police Department ("Demopolis") to dismiss. (Docs. 12, 16, 18). The parties have filed briefs in support of their respective positions, (Docs. 13, 17, 19, 23-28), and the motions are ripe for resolution. After carefully considering the foregoing materials, the Court concludes that Marengo's motion is due to be granted and that the motions of Linden and Demopolis are due to be denied.

A defendant's legal capacity to be sued is determined by the law of the forum court. Fed. R. Civ. P. 17(b). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *accord White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit."). As the plaintiff recognizes, this holding is dispositive of Marengo's motion to dismiss. However, the plaintiff argues that no similar controlling pronouncement has been made with respect to municipal police departments.

Linden and Demopolis respond that "[s]heriff's departments *and police departments* are not usually considered legal entities subject to suit ...." *Dean v. Barber*,

951 F.2d at 1214 (emphasis added). This may be the "usua[l]" situation but, in the same paragraph, the *Dean* Court confirmed that, in any particular case, the issue must be decided by reference to the forum state's law. *Id*. *Dean* does not hold that an Alabama municipal police department is not a suable entity under Alabama law, and it could scarcely have done so, since the case involved only a sheriff's department.

Demopolis and Linden neither cite to an Alabama case addressing the suability of a municipal police department nor offer an analysis of Alabama law from which their favored conclusion could be derived. Instead, they simply note that three district court cases have decided that an Alabama municipal police department is not a suable entity. *Hinson v. West*, 2006 WL 1526895 at *2 (M.D. Ala. 2006); *Bryant v. Wilson*, 1992 U.S. Dist. LEXIS 15364 at *11 (S.D. Ala. 1992); *Jones v. Mobile City Police Department*, 1991 U.S. Dist. LEXIS 14691 at *1 (S.D. Ala. 1991). The trouble is that none of these cases is supported by anything more than a citation to *Dean*.[1]

Whatever the common result,[2] the suability of a municipal police department remains a question to be answered by resort to state law. The Court's own brief inquiry reflects that Alabama police departments are occasionally named as defendants and pursued through appeal without question. *See, e.g., Stephens v. City of Huntsville*, 813 So. 2d 843 (Ala. 2001); *Boshell v. Jasper Police Department*, 555 So. 2d 898 (Ala. 1989). It also suggests that a suit against a police department may serve as the functional equivalent of a suit against the municipality. *See Brooks v. City of Dothan Police Department*, 562 So. 2d 162, 163 (Ala. 1990) (describing a suit against a police department as one "against the City of Dothan"). These cases do not establish the content

---

[1]*Jones* predates *Dean* and so cites no authority at all.

[2]In some states, a municipal police department is a suable entity. *See Shaw v. Department of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986). In others, it may or may not be suable, depending on the circumstances. *E.g., Cooper v. Smith*, 2007 WL 339174 at *8 (E.D. Tex. 2007); *Slaughter v. Billiot*, 2006 WL 456488 at *1-2 (W.D. La. 2006).

of Alabama law, but they bolster the unremarkable conclusion that something more than reference to a national trend is needed to show that a police department may not be sued in Alabama.  *See also Tortorella v. City of Orange*, 2007 WL 151396 at *3 (D.N.J. 2007) (denying a municipal police department's motion for summary judgment because it relied on Pennsylvania law rather than New Jersey law concerning the suability of such an entity); *Slaughter v. Billiot*, 2006 WL 456488 at *1-2 (W.D. La. 2006) (denying a municipal police department's motion to dismiss because it failed to provide an analysis of Louisiana law concerning its capacity to be sued).

"A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted).  As facially plausible (and potentially meritorious) as their position is, the superficial briefing offered by Linden and Demopolis does not satisfy this exacting standard.

For the reasons set forth above, Marengo's motion to dismiss is **granted**, and the motions to dismiss filed by Linden and Demopolis are **denied**, without prejudice to their ability to again seek dismissal based on a more adequate showing.

DONE and ORDERED this 15 day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE