IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 06-0368-WS-M** |
| ) | |
| **MARENGO COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of defendants Langley, Reese, Lawrence, Leonard, Sanders and Huckabee for a more definite statement. (Doc. 20). The movants have filed a brief in support, (Doc. 21), and the plaintiff has elected not to respond. (Doc. 22).

All actions filed in federal court are subject to Federal Rules of Civil Procedure 8(a) and 10(b). When a plaintiff's departure from these rules is so egregious that "a party cannot reasonably be required to frame a responsive pleading," the Court on motion may require the filing of an amended complaint that provides a " more definite statement" of the allegations and claims. Fed. R. Civ. P. 12(e).

The complaint is a fair example of the shotgun pleading routinely condemned by the Eleventh Circuit as violative of Rules 8(a) and 10(b) and meriting relief under Rule 12(e).[1] Each of the eight counts indiscriminately incorporates by reference every single preceding allegation, even though it is clear that not all paragraphs relate to every count. Moreover, Count One is labeled as "Violations of 42 U.S.C. 1983: Arrest," but the succeeding paragraphs address the seizure of evidence (not arrest), the existence of a

---

[1] *E.g., Wagner v. First Horizon Pharmaceutical Corp*., 464 F.3d 1273, 1279 (11th Cir. 2006).

conspiracy (actionable, if at all, under Section 1985, not Section 1983), and unexplained citations to Sections 1986 and 1988.  Count Seven includes no ad damnum clause and fails to identify which defendants are being sued.  Most of the remaining counts, while purporting to seek recovery from "all Defendants," largely fail to identify the conduct that renders any defendant liable; indeed, the complaint appears to contain no factual allegations whatsoever with respect to defendants Langley, Lawrence and Leonard save for their place of employment.  These examples are illustrative only and do not exhaust the complaint's deficiencies.[2]

"When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader."  *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).  Accordingly, the motion for more definite statement is **granted**.  The plaintiff is **ordered** to file and serve an amended complaint on or before **March 1, 2007**, or suffer the striking of his complaint as provided by Rule 12(e).[3]

DONE and ORDERED this 15th day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Stylistically, the complaint violates several local rules, including those governing line spacing and font.  Local Rule 5.1(a).  The complaint's inclusion of legal citations is distracting and unnecessary.

[3] Civil rights actions in which qualified immunity may provide a defense are subject, beyond Rules 8(a) and 10(b), to a "heightened pleading" standard.  Allegations that do not satisfy the heightened pleading threshold may not be considered in ruling on a defendant's motion to dismiss on the grounds of qualified immunity.  *E.g., Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).  The movants argue that the complaint does not meet the heightened pleading standard but, absent a motion to dismiss on qualified immunity grounds, the Court need not address the argument at this time.