IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0368-WS-M |
| | ) |
| **MARENGO COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of defendants Langley, Reese, Lawrence, Leonard, Sanders and Huckabee ("the movants") to strike, and alternative motion to dismiss, the first amended complaint. (Doc. 46). Defendants City of Linden Police Department ("Linden") and Jeff Laduron subsequently joined in the motion, (Doc. 48), which the Court construes as a separate motion predicated on the same grounds. The plaintiff declined the opportunity to respond, (Doc. 47), and the motions are ripe for resolution.

The movants previously moved for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 20). The plaintiff elected not to respond. (Doc. 22). On February 15, 2007, the Court granted the motion, ordering the plaintiff to file and serve an amended complaint by March 1, 2007 or suffer the striking of his complaint under Rule 12(e). (Doc. 34 at 2).

This deadline came and went without the plaintiff filing an amended pleading. On March 8, 2007, the movants filed a motion to strike the complaint or, in the alternative, to dismiss them from the action in consequence of the plaintiff's failure to comply with the Court's order. (Doc. 38). On March 15, 2007 — two weeks after the Court-imposed deadline passed and a full week after a motion to strike or dismiss was filed — the

plaintiff filed a laconic "Motion to File Response Out of Time," which said only that "[t]his motion is necessary due to excusable neglect on the part of Plaintiff's counsel." (Doc. 41). The Court, while expressing its bafflement that the plaintiff: (1) had failed to seek an extension of time until long after the deadline passed; (2) had failed to explain the nature of his counsel's "neglect" and how it "excused" his failure to file an amended complaint; and (3) had failed to provide an amended complaint to accompany his motion to file response out of time, denied the motion to strike or dismiss, granted the plaintiff's motion, and ordered the plaintiff to file and serve an amended complaint by March 30, 2007. The Court expressly warned the plaintiff that "[f]ailure to comply will subject the complaint to striking under Rule 12(e) and to dismissal under Rule 41(b) for failure to prosecute and failure to comply with Court orders." (Doc. 42 at 2).

The plaintiff did file an amended complaint on March 30, 2007. (Doc. 43). However, the amended complaint is identical to the original complaint, save only for a single, trivially true sentence added to the description of defendant Marengo County Sheriff's Department that "[t]he causes of action against this Defendant were dismissed in this case on February 15, 2007." That is, despite being given two opportunities and six weeks to do so, the plaintiff did absolutely nothing to correct the deficiencies that caused the Court to grant the movants' motion for more definite statement, numerous of which deficiencies were explicitly identified in the Court's order. (Doc. 34 at 1-2).

Rule 12(e) requires a defendant to file a motion for more definite statement "before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Because defendants Linden and Laduron filed an answer to the original complaint, (Doc. 15), their motion to strike or dismiss under Rule 12(e) is **denied**.

"If the motion [for more definite statement] is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." Fed. R. Civ. P. 12(e). Dismissal with prejudice is an available

sanction under this provision. That remedy should not be invoked when "an effort is made to comply with the order of the court granting" the motion for more definite statement, *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979) (internal quotes omitted), but here the plaintiff made no effort to correct the deficiencies in his complaint despite repeated judicial prodding to do so. Nor can he, like the plaintiff in *Pardee*, point to the "extenuating circumstanc[e]" that he is proceeding without counsel.

Dismissal with prejudice is also an available sanction "[f]or failure of the plaintiff ... to comply with ... any order of court," Fed. R. Civ. P. 41(b), and this sanction may be imposed sua sponte. *E.g., Brown v. Tallahassee Police Department*, 205 Fed. Appx. 802, 802 (11th Cir. 2006). Among the ignored orders that may trigger this sanction is an order granting a motion for more definite statement. *See Beckwith v. BellSouth Telecommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005).

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotes omitted).

The record in this case reflects: (1) the plaintiff's failure to defend the motion for more definite statement; (2) the plaintiff's failure to file an amended complaint as ordered by the Court; (3) the plaintiff's grossly tardy and conclusory motion for an extension of time to file an amended complaint; (4) the plaintiff's eventual filing of an amended complaint substantively identical to the original, defective one; and (5) the plaintiff's failure either to defend the pending motion or to seek leave to file a second amended complaint. The plaintiff is thus in violation of two Court orders instructing him to file an

amended complaint responsive to the problems cited by the Court, and his failure to make even a single meaningful change to the complaint demonstrates that he lacks the intention to do so. Moreover, his failure to defend the original and amended complaints reflects his recognition that they are defective, and his failure to request leave to file a second amended complaint underscores his adamant refusal to address problems that were first raised by the movants in October 2006. Finally, his inaction in the face of two Court orders warning that he was risking the ultimate sanction proves that he is acting willfully rather than by accident and that no lesser sanction will modify his conduct.

For the reasons set forth above, the movants are entitled to dismissal of the complaint with prejudice under both Rule 12(e) and Rule 41(b). The movants' motion to strike the amended complaint is **denied**, and their alternative motion to dismiss them as defendants is **granted**. The plaintiffs' claims against defendants Sanders, Lawrence, Langley, Leonard, Reese, and Huckabee are **dismissed with prejudice**.[1]

DONE and ORDERED this 10th day of May, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). While *Wagner* was decided in the Rule 12(b)(6) context, its reasoning applies as well under Rule 12(e): any other rule would reward with automatically successful appeals those litigants who choose to sit back and do nothing until after their case is dismissed, while unduly taxing the appellate system. *Id*. at 543-44. Thus, even were the Court to dismiss without prejudice, it would do so without leave to amend, and the complaint's challenge to a search and arrest that occurred on November 30, 2004 indicates that the two-year statute of limitations applicable to the plaintiffs' claims would preclude re-filing most of them.